IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICHOLE RICO,<br>　　*Plaintiff*, | §<br>§<br>§ | Civil Action No. 1:21-cv-587 |
| v. | §<br>§<br>§ | |
| FAMILY EMERGENCY ROOMS, LLC,<br>D/B/A FAMILY HOSPITAL SYSTEM,<br>　　*Defendant*. | §<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, NICHOLE RICO, by and through her undersigned counsel, hereby files this Complaint against Defendant, FAMILY EMERGENCY ROOMS, LLC, D/B/A FAMILY HOSPITAL SYSTEM, for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("TITLE VII") and the Texas Labor Code §21.051 *et seq.* ("TCHRA"). In support of her causes of action, Plaintiff states the following:

**I.
PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, NICHOLE RICO (hereinafter referred to as "Plaintiff"), is an individual who resides in Travis County, Texas.

2. Defendant, FAMILY EMERGENCY ROOMS, LLC, D/B/A FAMILY HOSPITAL SYSTEM, is a domestic limited liability company formed and existing under the laws of the State of Texas.

3. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 USC §§ 1331, 1376.

4.     Defendant, FAMILY EMERGENCY ROOMS, LLC, D/B/A FAMILY HOSPITAL SYSTEM (hereinafter referred to as "Defendant"), has offices and conducts business in Williamson County, Texas.  Thus, venue is proper pursuant to 28 U.S.C. § 1391.

## III.
## FACTS

5.     Plaintiff began working for Defendant in February of 2019 as a Registration Clerk.

6.     Defendant manages several free-standing emergency rooms and hospital-based systems in the states of Texas and Nebraska and currently has 245 employees (157 full-time, 88 part-time/prn).

7.     Throughout Plaintiff's employment, she was a productive employee with no disciplinary history.

8.     Plaintiff, a female, belongs to a class protected under the TITLE VII and the TCHRA.

9.     Beginning around March of 2020, Plaintiff was responsible for unlocking the doors for staff and patients to enter the facility, per COVID-19 guidelines.  Plaintiff would frequently unlock the door for Dr. Todd Akins ("Dr. Akins").  Dr. Akins began commenting on Plaintiff's appearance.  Dr. Akins would tell Plaintiff, "you look great" and "I really like that outfit."  Dr. Akins also started touching Plaintiff and would put his arms around Plaintiff's shoulders.

10.    This behavior made Plaintiff extremely uncomfortable and on several occasions Plaintiff attempted to avoid Dr. Akin by going to the restroom whenever Plaintiff saw him arriving at the facility.

11.    In July of 2020, Dr. Akins escalated his harassment of Plaintiff.  Dr. Akins was facing Plaintiff while they were having a conversation.  Dr. Akins grabbed Plaintiff by the waist.  Dr. Akins pulled Plaintiff close to his body and squeezed her tightly while pressing his body

against Plaintiff. Dr. Akins said "mmmmm" while pressing against Plaintiff. Plaintiff was shocked by this behavior and stood there with her arms lifted in the air trying to stop him. Plaintiff backed away from Dr. Akins' unwanted physical contact and tried to compose herself as she was frightened and traumatized by Dr. Akins' behavior.

12. In August of 2020, while sitting at her desk area working, Dr. Akins approached Plaintiff and hugged her. Plaintiff stiffened her body, looked at Dr. Akins with anger and disgust, and put her arm up. Dr. Akins stopped his hug and put his arm around Plaintiff's shoulder instead and then walked away.

13. On December 9, 2020, while sitting at her desk area working, Dr. Akins approached Plaintiff while she was sitting at her desk. Dr. Akins placed his arm around Plaintiff while talking to her from behind. Plaintiff pulled away from him. After Dr. Akins finished his conversation, he walked away.

14. On December 15, 2020, Plaintiff received a phone call from a previous patient. The previous patient reported that she was sexually assaulted by Dr. Akins during her week-long stay at the facility. After that conversation, Plaintiff began crying uncontrollably and felt physically ill. Plaintiff also had difficulty sleeping during the night because of Dr. Akins' actions toward her and the previous patient.

15. On December 17, 2020, Plaintiff filed charge number 451-2021-00387 with the Equal Employment Opportunity Commission ("EEOC") against Defendant.

16. Almost immediately, after filing her EEOC charge, Plaintiff's immediate supervisor, Melissa Gerhardt, began treating her differently. Ms. Gerhardt was critical of Plaintiff's work; Plaintiff was under increased scrutiny; and Ms. Gerhardt held Plaintiff to a different standard than her other co-workers who had not filed an EEOC charge.

17. In March of 2021, Plaintiff had to seek medical attention for a panic attack due to Dr. Akins' harassment and her employer's retaliation. Plaintiff sought out and received medical treatment and mental health counseling after her panic attack.

18. On or about April 27, 2021, Defendant terminated Plaintiff's employment due to alleged attendance after Plaintiff calling out sick to a shift.

19. Plaintiff had no significant disciplinary action prior to being terminated. At least one other employee had multiple attendance issues and remained employed by Defendant. Plaintiff also believes the other employee has not been disciplined for her attendance issues.

20. Upon information and belief, Defendant did not follow its own policies when terminating Plaintiff's employment. Defendant's reason for Plaintiff's termination is pretextual.

21. On April 29, 2021, the EEOC issued a Right to Sue Letter for charge 451-2021-00387.

22. Thereafter, Plaintiff filed charge number 451-2021-02007 with the Equal Employment Opportunity Commission ("EEOC") against Defendant alleging that Defendant terminated her employment in retaliation for filing charge 451-2021-00387.

23. On June 11, 2021, the EEOC issued a Right to Sue Letter for charge 451-2021-02007.

## IV.
## CAUSES OF ACTION

### Count 1: Title VII Sexual Harassment

24. Plaintiff incorporates paragraphs 1-14, *supra*, into her first cause of action as if repeated verbatim.

25. Title VII prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

26. Defendant is an employer within the meaning of TITLE VII.

27. Plaintiff was an employee within the meaning of TITLE VII at all times relevant to her Complaint.

28. Plaintiff was subjected to unwelcome harassment that was based upon her sex.

29. The harassment affected a term, condition, or privilege of Plaintiff's employment.

30. Defendant knew or should have known of the harassment and failed to take remedial action.

31. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth in paragraphs 55-57, *infra*.

## Count 2: TCHRA Sexual Harassment

32. Plaintiff incorporates paragraphs 1-14, *supra*, into her second cause of action as if repeated verbatim.

33. The TCHRA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

34. Defendant is an employer within the meaning of the TCHRA.

35. Plaintiff was an employee within the meaning of the TCHRA at all times relevant to her Complaint.

36. Plaintiff was subjected to unwelcome harassment that was based upon her sex.

37. The harassment affected a term, condition, or privilege of Plaintiff's employment.

38. Defendant knew or should have known of the harassment and failed to take remedial action.

39. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth in paragraphs 56-57, *infra*.

### Count 3: TITLE VII Retaliation

40. Plaintiff incorporates paragraphs 1-7 and 15-22, *supra*, into her third cause of action as if repeated verbatim.

41. TITLE VII prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

42. Defendant is an employer within the meaning of TITLE VII.

43. Plaintiff was an employee within the meaning of TITLE VII at all times relevant to her Complaint.

44. Plaintiff participated in an activity protected under TITLE VII when she complained to Defendant about the harassment to which she was being subjected.

45. Defendant took an adverse employment action against Plaintiff because she participated in protected activity under TITLE VII.

46. A causal connection exists between the protected activity and the adverse action.

47. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth in paragraphs 55-57, *infra*.

### Count 4: TCHRA Retaliation

48. Plaintiff incorporates paragraphs 1-7 and 15-22, *supra*, into her third cause of action as if repeated verbatim.

49. The TCHRA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

50. Defendant is an employer within the meaning of the TCHRA.

51. Plaintiff was an employee within the meaning of TCHRA at all times relevant to her Complaint.

52. Plaintiff participated in an activity protected under TCHRA when she complained to Defendant about the harassment to which she was being subjected.

53. Defendant took an adverse employment action against Plaintiff because she participated in protected activity under the TCHRA.

54. A causal connection exists between the protected activity and the adverse action.

55. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth in paragraphs 55-57, *infra*.

## V.
## DAMAGES

56. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic damages, including but not limited to past and future lost income, interest on back and front pay, job search expenses, lost benefits under the contract or employment relationship, employment benefits in the past and future, and other consequential and incidental financial damages pursuant to 42 U.S.C. § 1981a(b)(3)(A).

57. As a result of Defendant's unlawful conduct, Plaintiff has suffered non-economic damages, including but not limited to emotional pain and suffering, mental anguish, inconvenience, and loss of enjoyment of life.

58. Ms. Rico felt a deep sense of betrayal, humiliation, anger, and shame as a result of Dr. Akins' sexual harassment of her and her employer's retaliation.

59. Defendant's oppressive and/or reckless and malicious conduct calls for the imposition of damages in an amount sufficient to deter Defendant from engaging in such acts of discrimination in the future in the form of:

(a) Punitive damages pursuant to TITLE VII; and/or,

(b) Compensatory and punitive damages pursuant to Texas Labor Code § 21.2585.

## VI.
## ATTORNEYS' FEES

60. A prevailing party may recover reasonable attorneys' and experts' fees under the TITLE VII and TCHRA.

61. Plaintiff seeks all reasonable and necessary attorneys' fees and expert witness fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.

62. Plaintiff additionally seeks recovery of all costs associated with the prosecution of this action.

## VII.
## JURY DEMAND

63. Plaintiff demands a trial by jury of all the issues and facts in this case.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendant be cited to appear;

2. The Court award Plaintiff damages, as specified above;

3. The Court award Plaintiff compensatory and/or punitive damages, as specified above;

3. The Court award Plaintiff the equitable remedy of reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff her reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed; and,

6. The Court award Plaintiff any such other relief as the Court may find proper,

whether at law or in equity.

                                                Respectfully submitted,

                                                **ROSS • SCALISE LAW GROUP**
                                                1104 San Antonio Street
                                                Austin, Texas 78701
                                                (512) 474-7677 Telephone
                                                (512) 474-5306 Facsimile
                                                Megan@rosslawgroup.com

                                                */s/ Megan E. Evans*
                                                **MEGAN E. EVANS**
                                                Texas Bar No. 24090092

                                                **DANIEL B. ROSS**
                                                Texas Bar No. 789810
                                                **ATTORNEYS FOR PLAINTIFF**